# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LETICIA HEILMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:17-cv-000219 |
| | § | |
| QUANTA SERVICES, INC. d/b/a | § | |
| PERFORMANCE ENERGY | § | |
| SERVICES, LLC, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Leticia Heilman files this Original Complaint against Defendant Quanta Services, Inc. d/b/a Performance Energy Services, LLC, and shows as follows:

### PARTIES

1. The plaintiff is Leticia Heilman. She is an individual and resident of Brooks County, Texas.

2. The defendant is Quanta Services, Inc., d/b/a Performance Energy Services, LLC. It is a business entity existing in the state of Texas. It maintains an office and does business in Robstown, Nueces County, Texas. It may be served with process by serving its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite

620, Austin, Texas 78701.

## JURISDICTION

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.

## VENUE

4. Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5. The plaintiff is Leticia Heilman. She 54 years-old, Hispanic, and female. The defendant is Quanta Services, Inc., d/b/a Performance Energy Services, LLC. It represents that it was formed in 2000 to provide support to the onshore and offshore energy markets; that it is a partner to oil and gas companies around the world; and that it is "aligned" with Quanta Services, Inc., to provide onshore/offshore hook-ups, electrical and instrumentation, and fabrication: spool pipe, structural, topside, subsea, and onshore. The defendant maintains an office in Robstown, Nueces County, Texas.

6. The plaintiff was hired by Performance Energy Services in December 2014 as an employee for outside sales. Her day-to-day activities included contacting prospective clients, determining their needs, making appointments, and then meeting with prospective clients to give sales presentations. Her territory was all of south Texas. The plaintiff's

initial salary was $65, annually. She received health insurance benefits, 401k benefits, and a company vehicle. The plaintiff was well qualified for her position of employment.

7. Indeed, in December 2015, the plaintiff was given a pay increase of $20k, annually, because of her outstanding job performance, making her annual salary $85k. She had no disciplinary history with the company or ever received any complaints whatsoever about her job performance.

8. However, the sales industry in which the plaintiff worked is male-dominated. There were 2-3 sales people who worked from the office of the defendant with the plaintiff in Robstown, Texas. She was the only female. Further, the other sales persons who worked in sales with the plaintiff were White. Based on information and belief, the other sales persons in Robstown were also younger than the plaintiff (54).

9. The plaintiff was discharged on or about August 5, 2016. No reason for the discharge was given. She was discharged by Brad Selsor (White) and/or Brian Trogle (White). The plaintiff knows of no reason for her sudden discharge.

10. Based on information and belief, all of the plaintiff's sales territory was given to a male sales person, under 40, and whom was White or Hispanic.

11. Lastly, and based upon information and belief, during the entirety of her employment with the defendant, the plaintiff was being paid substantially less wages than her male co-workers who performed substantially the same job duties.

12. The administrate process through the EEOC was exhausted by the plaintiff before this suit was filed.

### CAUSES OF ACTION

**Count 1–Race Discrimination (State and Federal Law)**

13. The plaintiff incorporates within Count 1 all of the allegations set forth in paragraphs 1-12, *supra*.

14. The plaintiff is in a protected class of persons because she is Hispanic.

15. The defendant discriminated against the plaintiff because of her race (Hispanic) in discharging the plaintiff from her employment. The plaintiff alleges that her race/ethnicity was a motivating factor in the defendant's decision to discharge her.

16. The plaintiff alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

17. The defendant's conduct caused damages to the plaintiff. She therefore seeks to recover her economic and non-economic damages from the defendant, her damages for mental anguish, and all other damages provided by law. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law. The plaintiff also seek her attorney's fees, as provided by law.

**Count 2–Age Discrimination (State and Federal Law)**

18. The plaintiff incorporates within Count 2 all of the allegations set forth in

paragraphs 1-17, *supra*.

19. The plaintiff is in a protected class of persons because she is over the age of 40.

20. The defendant discriminated against the plaintiff because of her age (54) in discharging her from her employment. The plaintiff alleges that her age (54) was a motivating factor in the defendant's decision to discharge her.

21. The plaintiff also alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

22. The defendant's conduct caused damages to the plaintiff. She therefore seeks to recover her economic and non-economic damages from the defendant by this suit. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law, and as provided by, all of her costs and attorney's fees incurred in this matter.

23. The plaintiff alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

24. The defendant's conduct caused damages to the plaintiff. She therefore seeks to recover her economic and non-economic damages from the defendant, her damages for mental anguish, and all other damages provided by law. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law. The plaintiff also seek her attorney's fees, as provided by law.

### Count 3—Gender Discrimination (State and Federal Law)

25. The plaintiff incorporates within Count 3 all of the allegations set forth in paragraphs 1-24, *supra*.

26. The plaintiff is in a protected class of persons because of her gender (female).

27. The defendant discriminated against the plaintiff because of her gender (female) in discharging her from her employment. The plaintiff alleges that her gender (female) was a motivating factor in the defendant's decision to discharge her.

28. The plaintiff alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

29. The defendant's conduct caused damages to the plaintiff. She therefore seeks to recover her economic and non-economic damages from the defendant, her damages for mental anguish, and all other damages provided by law. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law. The plaintiff also seeks her attorney's fees, as provided by law.

### Count 4—Equal Pay Act

30. The plaintiff incorporates within Count 3 all of the allegations set forth in paragraphs 1-29, *supra*.

31. The Equal Pay Act proscribes discrimination "between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at

which [the employer] pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1).

32. The plaintiff alleges that (1) that the defendant is subject to the Act, (2) that she performed work in a position requiring equal skill, effort and responsibility under similar working conditions, and (3) that she was paid less than members of the opposite sex. The plaintiff alleges that the "skill, effort and responsibility" required in the performance of the jobs with the defendant is "substantially equal" with respect to her and her male counterparts.

33. The plaintiff alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

34. The defendant's conduct caused damages to the plaintiff. She therefore seeks to recover her economic and non-economic damages from the defendant, her damages for mental anguish, and all other damages provided by law. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law. The plaintiff also seek her attorney's fees, as provided by law.

**Count 5—Wage Discrimination**

35. The plaintiff incorporates within Count 5 all of the allegations set forth in

paragraphs 1-34, *supra*.

36. Title VII prohibits discrimination in compensation based on an individual's sex. See 42 U.S.C. § 2000e–2(a)(1). The plaintiff alleges that she occupied a job similar to that of higher paid workers of the opposite sex but was paid less for substantially the same work.

37. The plaintiff alleges that the motivation for the wage disparity was the defendant's discriminatory intent; that is, "a discriminatory reason more likely than not motivated the defendant to pay her less."

38. The plaintiff alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

39. The defendant's conduct caused damages to the plaintiff. She therefore seeks to recover her economic and non-economic damages from the defendant, her damages for mental anguish, and all other damages provided by law. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law. The plaintiff also seek her attorney's fees, as provided by law.

## PRAYER

40. For these reasons, Plaintiff Leticia Heilman respectfully requests that Defendant Quanta Services, Inc. d/b/a Performance Energy Services, LLC, be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant for

Plaintiff's damages, economic damages, non-economic damages, mental anguish damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

        Respectfully submitted,

        s/Jon D. Brooks
        Jon D. Brooks
        Attorney-in-Charge
        Federal ID 24936
        State Bar No. 24004563
        400 Mann Street, Suite 1001
        Corpus Christi, Texas 78401
        361.885.7710
        361.885.7716 (facsimile)
        www.brooksllp.com

        **Attorneys for Plaintiff Leticia Heilman**